IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>PAUL DOUGLAS PACE,<br>                Defendant. | REPORT & RECOMMENDATION RE: MOTION TO ORDER CONCURRENT SERVICE OF SENTENCE<br><br>Case No. 2:04-cr-743-TC-BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

      District Judge Tena Campbell referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Currently before the Court is Defendant Paul Douglas Pace's ("Defendant") Motion to Order Concurrent Service of Sentence.[2] Oral arguments on this Motion were heard on September 13, 2013, at which time attorney Benjamin McMurray appeared on behalf of the Defendant and attorney Carlos Esqueda appeared on behalf of the Plaintiff, the United States of America ("Plaintiff"). Since taking the matter under advisement,[3] and ordering the parties to submit supplemental briefs[4], the Court has further considered the law and the facts associated with this matter as well as the Pre-Sentence Report and the Transcript from Defendant's 2005 sentencing hearing.[5] Now being fully informed, the Court issues the following Report & Recommendation.

---

[1] Docket no. 60.
[2] Docket no. 56.
[3] Docket no. 63.
[4] Docket no. 64.
[5] The Pre-Sentence Report and transcript of sentencing hearing were not previously before the Court. However, these documents were reviewed due to their relevance to the issues presented in Defendant's Motion. The Pre-Sentence Report is attached hereto as Exhibit 1 and the Transcript from the "Imposition of Sentence" is attached hereto as Exhibit 2.

## RELEVANT BACKGROUND

Between approximately August 7, and September 3, 2004, Defendant and a co-defendant, Scott Sayward Center robbed a series of businesses around the Salt Lake Valley.[6] In relation to these robberies, charges against the Defendant were originally brought in state court.[7] On November 3, 2004, Defendant was indicted in U.S. District Court on fifteen counts of Hobbs Act robbery pursuant to 18 U.S.C. § 1951.[8] At the time of indictment, Defendant was in state custody on the same robbery charges. However, while in custody on the robbery charges, additional charges for unrelated crimes were filed against Defendant in state court.[9] Namely, while in state custody Defendant was served with a warrant on additional state charges for Rape of a Child. In light of the federal filing, the state robbery charges were dismissed, but Defendant remained in state custody on the sex offense which remained pending throughout the duration of the Defendant's federal case.[10]

Defendant first appeared in federal court on a Writ of Habeas Corpus ad Prosequedum on November 19, 2004 and requested to remain in federal custody pending disposition of his federal case.[11] On February 23, 2005, before Judge David K. Winder, the Defendant entered guilty pleas to six of the fifteen counts of Hobbs Act robbery.[12]

---

[6] See Indictment, docket no. 1.
[7] Utah State Court Case Nos: 041906018, 041906075, 041906067, 041906116, and 041906320.
[8] Docket no. 1.
[9] See docket no. 14; Pre-Sentence Report.
[10] Id. In addition to the Rape of a Child Charge, Utah State Case No. 041906320, it appears from the Presentence Investigation Report and Utah State Court dockets that the Defendant appeared in state court on another case while he was in federal custody, Utah State Case No. 051700313 which was filed on February 24, 2005. In this state court case, Defendant was charged with Simple Assault and Domestic Violence in the Presence of a Child. Defendant pled guilty to both counts and was sentenced on June 23, 2005 (after his federal sentencing and state court sentencing on the Rape of a Child charge) to six months on each charge. The state sentencing Judge order that this sentence be served concurrently in the Utah State Prison with the sentence Defendant was already serving.
[11] Docket nos. 14, 19.
[12] Docket no. 29.

Judge Winder sentenced defendant on May 4, 2005.[13] A review of the transcript for this hearing shows that in making a determination as to Defendant's sentence, Judge Winder reviewed and considered the Pre-Sentence Report's sentencing recommendation and also accepted the written plea agreement's recommendation that Defendant be sentenced at the low end of the applicable sentencing guidelines.[14] With regard to the Pre-Sentence Report, Judge Winder read some of its contents on the record, including details of Defendant's criminal history. Specifically, Judge Winder stated "I must say I have got to mention a few things here. I think probably when it ends up I will go along with the recommendation, but I think it is too lenient for this defendant. This defendant has an incredible string of angry and violent things."[15] Judge Winder further indicated "I don't diminish that eight and a half years is a short sentence, it is not, but it is very deserved."[16]

Judge Winder then sentenced Defendant to 100 months.[17] The minute entry and the "Judgment in a Criminal Case" ("J&C") signed by Judge Winder[18] states "[t]he court recommend[ed] defendant be placed in a federal facility in the state of Arizona and that he participate in the RDAP program."[19] Judge Winder did not discuss the Defendant's then-pending state court charges. The plea agreement was also silent as to Defendant's state court charges and at the sentencing hearing, counsel for Defendant did not mention nor make arguments with regard to the Defendant's state charges.[20] However, Judge Winder did state "[Defendant] has

---

[13] Docket no. 38.
[14] Exhibit A, "Imposition of Sentence" at 3:23-25; 4:6-7-14.
[15] Id. at 5:3-7.
[16] Id. at 6:19-21.
[17] Docket no. 38.
[18] Docket no. 37.
[19] Id.
[20] See "Imposition of Sentence" Transcript.

been in custody, as [he understood] it, since November 19th of 2004. Any credit for presentence time served will have to come from the Bureau of Prisons."[21]

After Defendant's federal sentencing, Defendant was returned to state custody.[22] Defendant's judgment of conviction in the federal case became final on May 6, 2005.[23]

On May 17, 2005, Judge Robert Atkins sentenced Defendant in Utah's Third District Court on one count of Rape of a Child. Judge Atkins sentenced Defendant to an indeterminate term of not less than six years to life in the Utah State Prison.[24] In his Sentencing Order, Judge Atkins recommended Defendant's "…sentence is to run concurrently with the sentence [defendant] is now serving in a Federal Penitentiary."[25] However, after the state sentencing, Defendant was not transported to federal prison but rather committed to the Utah State Prison.

On August 30, 2006 and again on September 12, 2007, Defendant wrote letters to the Judge Winder requesting that his state and federal sentences run concurrently.[26] In his first letter to the Court, Defendant states "…I was promised that I would be sentenced concurrently and I would serve all my time federally."[27] Based upon the docket in this case, it appears the Defendant's letters were lodged in the file and neither the Court nor Judge Winder took any action. This case as to Defendant was administratively closed on May 6, 2005. Judge Winder passed away on May 19, 2009.

On September 23, 2011 Defendant wrote a letter to the Bureau of Prisons ("Bureau") requesting nunc pro tunc designation to the state prison.[28] However, it is not clear whether this letter ever reached the Bureau because no action was taken and Defendant's letter was returned

---

[21] Id. at 4:2-5.
[22] See Docket no. 39, Defendant's Mot. For Misc. Relief, docket no. 56 at p. 2.
[23] Docket no. 37.
[24] Exh. A, docket no. 56.
[25] Id.
[26] Docket nos. 43 & 44.
[27] Docket no. 43.
[28] Exh. B, docket no. 56.

to him.[29] On March 12, 2012, Magistrate Judge Samuel Alba appointed a public defender to represent Defendant.[30] In March, 2013, counsel for Defendant contacted the Bureau requesting a review of Defendant's sentencing situation.[31] Thereafter, on March 29, 2013, the Bureau sent a letter addressed to Judge Winder stating "[i]t is the Bureau's preference that the federal sentencing court be given an opportunity to state its position with respect to a retroactive designation which can be helpful in our determination to grant or deny the request."[32] The Bureau's letter goes on to further state

> [s]hould the designation be granted, the Bureau will commence the sentence in the above judgment on a date which would result in the immediate satisfaction of Mr. Pace's federal sentence. However, should the Bureau deny the request, Mr. Pace's sentence will not be calculated until he completes his state sentence and is released to the federal detainer. If the Bureau makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's states position, the Court will be notified accordingly.[33]

On April 3, 2013, a representative from the United States Probation Office responded to the Bureau's March 7, 2013 letter.[34] The Probation Officer in his response stated "[a]lthough the Honorable David K. Winder is no longer on the bench, it is perceived that if the Court had desired the defendant's federal case to run concurrently to his state case, it would be reflected in the judgment."[35] Thereafter, on April 23, 2013, apparently based upon the Probation Officer's response, the Bureau sent a letter to Defendant stating that the Bureau had determined that a retroactive designation would not be granted and Defendant's federal sentence would commence once Defendant's state sentence was completed.[36]

---

[29] Docket no. 56 at 3; Exh. B, docket no. 56.
[30] Docket no. 45.
[31] Exh. C, docket no. 56.
[32] Exh. D, docket no. 56.
[33] Id.
[34] Exh. E, docket no. 56.
[35] Id.
[36] Id.

At the present time, Defendant has completed his state sentence and is now in the custody of the U.S. Marshal Service.[37] After filing the present motion, Defendant filed a Motion to Stay his transfer to a federal facility and/or the Bureau of Prisons.[38] On June 11, 2013, Magistrate Judge Dustin Pead granted Defendant's Motion to Stay[39] and Defendant remains in custody at the Utah State Prison.

## DISCUSSION

Through the present motion, pursuant to the Bureau's Program Statement, 5160.05, Defendant requests that the Court order that Defendant's federal sentence run concurrent to his state sentence and recommend to the Bureau that it designate Defendant nunc pro tunc to the Utah State Prison. In relevant part, the Bureau's Program Statement 5160.05 provides:

> 8. **AUTHORITY FOR DESIGNATIONS.** The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.
> - A designation for concurrent service of sentence will be made **only when it is consistent with the intent of the federal sentencing court** or the goals of the criminal justice system.
>
> 9. **CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**
>
> b. When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation. Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent. Ordinarily, this intent is made known in one of the following ways:
> (1) **Court Order.** The sentencing court orders, on the Judgment & Commitment Order or the Judgment in a Criminal Case (J&C), that the federal sentence be served concurrently with a state sentence.
> (2) **Court Recommendation of Non-Federal Confinement.** The sentencing court recommends a non-federal institution as the place of confinement on the J&C.
> If the inmate was in primary non-federal custody, (i.e. produced on writ), and the court uses the preprinted phrase and adds the name of a state

---

[37] Docket no. 57.
[38] Id.
[39] Docket no. 58.

6

institution, this will be accepted as a court recommendation for concurrent service. This wording could also appear in the body of the J&C.

(3) **Concurrent Service of Sentence After Imposition**. The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition.

(4) **Inmate Request**. Occasionally, an inmate may request a nunc pro tunc (i.e. occurring now as though it had occurred in the past) designation.

…

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case…[40]

In addition to the Bureau's Program Statement, U.S. Supreme Court, Ninth and Tenth Circuit Court of Appeals and our own District Court precedent are informative as to how courts are to determine the issue of concurrent versus consecutive sentences in cases where a Defendant is held in state custody, brought into federal court pursuant to a Writ and sentenced in Federal Court before being sentenced in State Court.[41]

Although the procedural posture of this case differs from other cases because Defendant's motion is not brought on solely constitutional grounds but under the auspices of the Bureau's Program Statement, the case law is clear that federal district courts have the discretion to order a federal sentence run concurrently or consecutively to an anticipated state sentence, even when the state charges remain unadjudicated.[42] However, "…[w]hen a federal sentencing court is silent on the matter, there is a statutory presumption that multiple terms of imprisonment imposed at different times—even as between sentences imposed by state and federal courts—

---

[40] BOP Program Statement 5160.05 ¶ 8 & 9 (emphasis added).
[41] See Setser v. U.S., 132 S.Ct. 1463 (2012); Heddings v. Garcia, 491 Fed. App'x 896 (10th Cir. 2012); U.S. v. Eccleston, 521 F.3d 1249 (10th Cir. 2008); Coccimiglio v. DeRosa, No. CIV 04-2706-PHX-MHM (VAM), 2006 WL 1897269 (D. Ariz., July 10, 2006); Varnado v. Federal Bureau of Prisons, 26 Fed. App'x 825 (10th Cir. 2001); Green v. U.S., 582 F.Supp.2d 1348 (D. Utah 2008).
[42] See Setser at 1468.

will run consecutively."[43] Moreover, "…a state court cannot dictate how or where a federal sentence will be served, nor can a state plea agreement control the federal government's prerogative as a separate sovereign to determine whether a sentence should run concurrently or consecutively."[44]

Here, there can be no dispute that Judge Winder's sentence, the J&C, the plea agreement and defense counsel's arguments at the sentencing hearing were all silent with regard to whether Defendant was to serve his federal and state sentences consecutively or concurrently. Therefore, per statute,[45] the Defendant's federal and state sentences should be served consecutively.

Yet, the Court's analysis will not end there. Defendant has moved for the Court to issue and Order for nunc pro tunc designation to the Utah State Prison pursuant to the Bureau's Program Statement which requires the intent of the federal sentencing court be ascertained. As to the Program Statement's factors, Judge Winder did not expressly order nor mention whether Defendant's sentences were to be served consecutively or concurrently. Second, Judge Winder recommended that Defendant "…be placed in a federal facility in the state of Arizona and that he participate in the Intensive Drug and Alcohol Program known as RDAP."[46] Therefore, the first two factors in the BOP's Program Statement for concurrent service of federal and state sentences cannot be met.

Next, as to the third factor of the Bureau's Program Statement, with regard to concurrent service of sentences, there is no evidence that "…the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition."[47] The Court

---

[43] Heddings, at 899 (internal citations omitted).
[44] Id. at 900 (citing U.S. v. Eccleston, 521 F.3d 1249, 1251 (10th Cir. 2008)).
[45] See 18 U.S.C. §3594(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")
[46] Docket no. 37 at p. 4.
[47] BOP Program Statement, ¶ 9(3).

finds a lack of mistake by Judge Winder is evidenced by many facts. First, Judge Winder acknowledged at the sentencing hearing that Defendant had been in federal custody since November 19, 2004—the date that the Writ of Habeas Corpus ad Prosequendum was issued.[48] Second, Judge Winder acknowledged review of Defendant's Pre-Sentence Report[49] which detailed Plaintiff's pending state charges for Rape of Child, Assault and Domestic Violence in the Presence of a Child and recognized Defendant's appearance in Federal Court pursuant to a Writ.[50] Therefore, the Court has not been persuaded that sufficient evidence has been presented to evidence that the sentencing court made a mistake.

Lastly, upon review of the record in this case, the Court does not believe that Judge Winder intended Defendant's sentences be served concurrently. To the contrary, the Court agrees with the Plaintiff that this is not a case where a mistake was made. At the sentencing hearing, Judge Winder reviewed and referenced the Pre-Sentence Report, which contained the Defendant's pending state charges and he was very clear that he believed that Defendant's sentence of 100 months was too lenient and well deserved.[51] Furthermore, because Judge Winder was on notice of the Defendant's pending state charges, his failure to make a concurrent sentencing designation is presumed to be intentional.

Similarly, the Court does not believe the fact that Defendant contacted the Court in 2006 and 2007 and received no response compels a different result. In Greene v. United States,[52] a case from this district, the Court held that "….district courts have discretion to determine whether a federal sentence should run *concurrent* to a state sentence not yet imposed.[53] In

---

[48] See Transcript, Sentencing Hearing at 4:3-5.
[49] Exh. 2, attached hereto.
[50] See PSR, at 1, 25-26.
[51] Imposition of Sentence at 5:3-7; 6:19-21.
[52] 582 F.Supp.2d 1348, 1350 (D. Utah 2008).
[53] Id. at 1350.

9

Greene, the defendant had charges pending in both state and federal court for the same act.[54] The defendant was sentenced first in federal court then two weeks later was sentenced in state court.[55] At the time of federal sentencing, the Court did not specify whether the defendant's federal sentence was to run concurrent or consecutive to any state sentence.[56] Approximately eight months after her federal sentence was imposed, the defendant petitioned the federal court under 28 U.S.C. § 2255 for her federal sentence to run concurrent to state sentence.[57] In finding that the defendant's federal sentence was to run concurrent to the state sentence, the Court reasoned that § 2255 provided for a one-year statute of limitation for motions after a judgment becomes final. Because the defendant filed her petition within that one-year period and it was within the court's discretion to order the federal sentence to run concurrent to the state sentence, the Court amended the defendant's sentence.[58]

Here, unlike the defendant in Greene, even as Defendant argues that his letters to the Court are to be construed as pro se motions under § 2255,[59] they fall outside of the one-year statute of limitation enumerated in Greene because Defendant's judgment became final on May 6, 2005 and Defendant's first letter to the Court was received in August 2006. Therefore, although there is no argument as to whether it is within the Court's discretion to order that the Defendant's sentences run concurrently, under the reasoning of Greene, Defendant is not entitled to relief under § 2255 because he did not petition the Court within the required time period.

However, despite the fact that the Court finds that Judge Winder's intent was not to run Defendant's sentence concurrently, in light of the facts of this case including Defendant's

---

[54] Id. at 1349.
[55] Id.
[56] Id.
[57] Id. at 1349.
[58] Id.
[59] See docket no. 56 at fn. 6.

assertion that his decisions were based upon promises from defense counsel related to concurrent sentencing and the state court's clear intent that Defendant's sentences run concurrently, this Court agrees with a concurring opinion of Judge Norris of the Ninth Circuit Court of Appeals in a similar case which states:

> While [the Defendant] will get no relief from this court, I hope his case will serve as a lesson to those who are in a position to guard against future cases of this sort. State sentencing judges and defense attorneys in state proceedings should be put on notice. …[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody. I hope that defense attorneys and state judges will from this point forward structure their plea agreements and sentencing orders in a manner which avoids the unintended and unjust result reached today.[60]

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Order Concurrent Service of Sentence be **DENIED.**[61] However, the Court **FURTHER RECOMMENDS** that the time Defendant has spent in the custody of the U.S. Marshal Service during the pendency of the present motion be ordered to be credited toward his federal sentence.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[62] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any

---

[60] U.S. v. Del Guzzi, 980 F.2d 1260, 1272-1273 (J. Norris concurring).
[61] Docket no. 56.
[62] See 28 U.S.C. §636(b)(1).

11

request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

        DATED this 6 December 2013.

                                        Brooke C. Wells
                                        United States Magistrate Judge